**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO LUIS FONSECA ROJO, | No. 09-72870 |
| Petitioner, | Agency No. A076-853-960 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 5, 2010
Pasadena, California

Before: SCHROEDER, D.W. NELSON, and REINHARDT, Circuit Judges.

Ricardo Luis Fonseca Rojo ("Fonseca Rojo") petitions for review of the

Board of Immigration Appeals' ("BIA's") denial of his applications for asylum and

withholding of removal. Following an original petition for review, this panel

remanded the case to the BIA, because the Immigration Judge ("IJ") had based his

asylum determination on an incorrect legal standard. On remand, the BIA applied

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

the correct standard and determined that Fonseca Rojo had failed to demonstrate a well-founded fear of future persecution. This Court has jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we review factual findings underlying the denial of an application for asylum or withholding of removal for substantial evidence. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Li v. Ashcroft*, 356 F.3d 1153, 1157 (9th Cir. 2004) (en banc); *Karouni v. Gonzales*, 399 F.3d 1163, 1170 (9th Cir. 2005). Because substantial evidence does not support the BIA's determination as to asylum, we grant the petition, reverse the finding, and remand to the agency.

Even where an applicant has not suffered past persecution, he is still eligible for asylum if he can demonstrate a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Karouni*, 399 F.3d at 1170 (quotations omitted). This panel previously decided that Fonseca Rojo satisfied the subjective prong by credibly testifying that he fears for his life if he is forced to return to Chile. The objective prong requires "credible, direct, and specific evidence" supporting a "reasonable fear of persecution." *Id*. (quotations omitted). Even a ten percent chance of persecution will suffice. *Id*. at 1178.

In finding that Fonseca Rojo's fear of future persecution was not objectively reasonable, the BIA pointed to the following factors: (1) the petitioner's "voluntary return to Chile" and the "absence of persecution" during his visit, (2) the supposed

2

"lack of evidence of record indicating persecution of homosexuals in Chile beyond isolated incidents of hate crimes," and (3) the "repeal of [Chile's] anti-sodomy law after the petitioner departed for the United States." None of these findings constitutes substantial evidence.

The BIA's reliance on Fonseca Rojo's return trip to Chile is particularly misplaced. This Court has "never held that the existence of return trips standing alone" can negate a petitioner's well-founded fear. *Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1091 (9th Cir. 2005). The absence of persecution during Fonseca Rojo's stay in Chile is clearly explained in the record by the fact that he did nothing to expose his sexuality to his fellow citizens. Arguing that a lack of persecution during a short trip undermines a petitioner's well-founded fear of future persecution is tantamount to "saddling [Fonseca Rojo] with the Hobson's choice of returning to [Chile] and either (1) facing persecution for engaging in future homosexual acts or (2) living a life of celibacy." *Karouni*, 399 F.3d at 1173. In other words, by suggesting that Fonseca Rojo could be safe in Chile if he behaved as he did during his short return, the government is "essentially arguing that the INA requires [Fonseca Rojo] to change a fundamental aspect of his human identity." *Id*.

Regarding the supposed lack of evidence of persecution, the BIA failed to consider Fonseca Rojo's previous experiences in Chile. Even if those experiences did not rise to the level of past persecution, this Circuit has made it clear that such evidence is, nevertheless, central to the question of whether a petitioner's fear of future persecution is objectively reasonable. *See Lim v. INS*, 224 F.3d 929, 935-36 (9th Cir. 2000) (finding that past threats made petitioner's fear of future persecution objectively reasonable, even though they did not establish past persecution). Fonseca Rojo's neighbors and the Chilean police made it clear that their behavior was directed toward making him more of a "man." When other tenants explained that they wanted Fonseca Rojo out of their building because he was a "faggot," the police threatened to throw him in jail. The officers also pushed him into the street, taunting him with propositions for oral sex and threatening to stick a baton "up [his] ass." On another occasion, the officers made "obscene gestures," pointing to their genitals and asking petitioner if he wanted to "suck this." After being detained for holding hands with his boyfriend in a public park, Fonseca Rojo was forced to remain in the extreme, suffocating heat of a police van for approximately five hours. On still another occasion, a group of men attacked Fonseca Rojo and his boyfriend because they were "faggots," and the police released the aggressors while detaining Fonseca Rojo for at least an hour, telling

4

him and his boyfriend that they deserved the experience so they "would become more manly." There is no question that these and other incidents occurred because of Fonseca Rojo's sexual orientation.

Instead of considering how Fonseca Rojo's credible and persuasive testimony bears on his fear of future persecution, however, the BIA demanded more evidence indicating persecution of homosexuals, as a group, in Chile. As this Court has made clear, however, "the categories of group targeting and individual targeting are not absolute and distinct." *Kotasz v. I.N.S.*, 31 F.3d 847, 854 (9th Cir. 1994). Where Fonseca Rojo has demonstrated egregious "singling out," he should bear a correspondingly lesser burden of showing group targeting. *Id*. This lesser burden is met by evidence in the record indicating that the police continue to use Chile's morality laws to persecute homosexuals as a group.

For this same reason, the BIA's reliance on Chile's repeal of the anti-sodomy law is misplaced. The status of the anti-sodomy law is of little or no relevance to Fonseca Rojo's fear of persecution. None of the incidents suffered by petitioner was the result of violating this statute, and on only one occasion did the arresting officers claim the statute as a basis for petitioner's detention. The repeal of a law that is not directly relevant to Fonseca Rojo's claims does not, therefore, constitute substantial evidence.

Even when taken together, the BIA's justifications for finding that Fonseca Rojo does not have a well-founded fear of future persecution do not amount to substantial evidence. Because a reasonable fact-finder would be compelled to conclude that Fonseca Rojo has demonstrated a ten-percent likelihood that he would be persecuted if sent back to Chile, Fonseca Rojo is statutorily eligible for asylum.

On remand, the Attorney General shall exercise his discretion on Fonseca Rojo's asylum claim in a manner not inconsistent with this disposition. The BIA shall also evaluate Fonseca Rojo's withholding of removal claim in the first instance. *Id*. at 1179.

Petition for review **GRANTED**; **REMANDED** to the BIA for further proceedings.